UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | No. 19-cr-209 (SRN/DTS) |
| Plaintiff, | |
| v. | **ORDER &** |
| | **REPORT AND RECOMMENDATION** |
| Luis Carlos Favela, | |
| Defendant. | |

---

Andrew R. Winter, U.S. Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for the Government.

Kevin W. DeVore, DeVore Law Office, P.A., 724 Bielenberg Drive, Suite 110, Woodbury, Minnesota 55125, for Defendant.

---

### INTRODUCTION

Defendant Luis Carlos Favela is charged with one count of Conspiracy to Distribute Methamphetamine. Favela and the Government have filed a number of motions. All but one are non-dispositive and are addressed summarily in the Order below. The sole dispositive motion was filed as a motion to dismiss the indictment. However, at the motion hearing, Favela's counsel indicated that Favela wished to withdraw that motion and instead move to suppress evidence obtained from a search of a garage and the vehicle within that garage. Favela challenges the "four corners" of the warrant authorizing that search. As a matter of administrative convenience, the Court construes Favela's motion to dismiss (Dkt. No. 49) as a motion to suppress. Having reviewed the search warrant at

issue, the Court finds ample probable cause existed to authorize the search, and so recommends Favela's motion be denied.

## FINDINGS OF FACT

On July 19, 2019, Deputy Chris Freichels, a member of the Ramsey County Sheriff's Office, applied for a warrant to search a garage located in St. Anthony, Minnesota, as well as the vehicle within that garage. Govt' Ex. 1. Deputy Freichels stated that he was investigating a methamphetamine distribution operation in Minnesota. *Id.* (Appl. 2). As part of the investigation, law enforcement officers used three confidential sources who had previously provided reliable information to Deputy Freichels. *Id.* (Appl. 2-3).

One confidential source ("CS") informed law enforcement that the distribution operation was using a garage belonging to Joseph Bernhardt to unload "shipments of methamphetamine hidden inside vehicles." *Id.* (Appl. 3). Deputy Freichels confirmed that Bernhardt lived at the address provided by CS, and confirmed with the apartment's property manager which garage belonged to Bernhardt. *Id.* A second source ("CS-2") informed Deputy Freichels that a shipment would arrive at Bernhardt's garage on July 19 inside a vehicle. *Id.* A third source ("CS-3") also told the Deputy that a shipment of methamphetamine would arrive on July 19, and that it would be hidden inside an "older model Range Rover with no plates[.]" *Id.* Officers surveilled the garage on July 19, and saw a tow truck "drive a light brown, older model Ranger Rover with no plates" into Bernhardt's garage. *Id.*

2

Based upon this information, a Hennepin County District Court judge authorized the search. *Id.* (Search Warrant 3). Law enforcement officers searched the garage and vehicle the same day. *Id.* (Receipt, Inventory, and Return).

## CONCLUSIONS OF LAW

Favela asserts a four-corners challenge to the search warrant in this case and asks the Court to suppress any evidence obtained from the search of the garage and Range Rover. The Court cannot do this for two reasons: (1) Favela has not demonstrated he has standing to challenge the searches, and (2) the warrant was supported by ample probable cause.

As a preliminary matter, Favela has not demonstrated standing to even challenge the search of the garage or of the Range Rover. Because "Fourth Amendment rights are personal rights that may not be asserted vicariously[,]" a person challenging a search under the Fourth Amendment must demonstrate a privacy interest in the thing or place searched. *United States v. Anguiano*, 795 F.3d 873, 878 (8th Cir. 2015) (internal quotations omitted). When analyzing standing, this Court considers:

> ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

*Id.* (quoting *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994)).

Favela has demonstrated no such privacy interest in either the garage or the Range Rover. As to the garage, the information the Court has before it strongly suggests somebody else, namely Bernhardt, has the clear possessory interest. Nothing else before the Court indicates Favela historically held some level of control or access to the garage,

3

other than as a brief visitor. Similarly, Favela offers nothing to support a finding that he has a privacy interest in the Range Rover. He has not provided a title, nor was he seen driving or otherwise controlling the vehicle. Without such a demonstration, Favela cannot assert a Fourth Amendment violation.

Even had Favela demonstrated standing, however, his four-corners challenge fails on its merits. A search warrant is supported by probable cause if, "based on the totality of the circumstances set forth in the application and affidavits, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Johnson*, 528 F.3d 575, 579 (8th Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a search warrant . . . ." *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (internal quotations omitted). "[T]he duty of a reviewing court is simply to ensure that the [issuing court] had a 'substantial basis . . . for concluding' that probable cause existed." *Gates*, 462 U.S. at 238-39.

The warrant application and supporting affidavit provided the issuing court with sufficient probable cause to issue the search warrant for both the garage and the Range Rover inside it. Three separate confidential sources linked Bernhardt's garage to drug trafficking. Two of the sources gave July 19 as the date of drug delivery, and one provided the model of vehicle—a Range Rover—the drugs would arrive in. Law enforcement independently verified that the garage in question belonged to Bernhardt. On the day the shipment was supposed to arrive, officers saw an older model Range Rover get taken into Bernhardt's garage, corroborating the details provided by the sources. Thus, under

4

the totality of the circumstances, there was a fair probability that the drugs would also be found where the sources said they would be—inside the Range Rover, which was inside the garage. *See United States v. Edwards*, 891 F.3d 708, 711 (8th Cir. 2018) ("Where an informant has provided reliable information in the past, and where officers are able to corroborate important details from a current tip that a subject is engaged in drug trafficking, there is probable cause . . . ."). Because the supporting affidavit provided the issuing probable cause, Favela's four-corners challenge to the warrant fails and the evidence obtained from the search pursuant to the warrant need not be suppressed.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS THAT Favela's Motion to Dismiss, construed as a Motion to Suppress [Dkt. No. 49] be DENIED.

## ORDER

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. The Government's Motion for Discovery [Dkt. No. 36] is GRANTED. Defendant shall comply with Rules 16(b), 12.1, 12.2, 12.3, and 26.2 of the Federal Rules of Criminal Procedure.

2. Defendant's Motion for Government Agents to Retain Rough Notes [Dkt No. 44] is GRANTED. Rough notes must be preserved but not produced at this time.

3. Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses [Dkt. No. 45] is GRANTED. The Government will provide a copy of the

grand jury transcript of any witness who testifies at trial if not already produced in advance of such testimony under another disclosure requirement.

4. Defendant's Motion for Discovery of Experts [Dkt. No. 46] is GRANTED. The parties shall make expert disclosures no later than 14 days before trial.

5. Defendant's Motion for Early Disclosure of Jencks Act Material [Dkt No. 47] is DENIED. The Court notes the Government's agreement to provide reciprocal Jencks Act disclosures three days before trial.

6. Defendant's Motion for Disclosure of Brady Materials [Dkt No. 48] is GRANTED consistent with the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Within 10 days of the date of this order the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

Dated: December 4, 2019

                                                    s/David T. Schultz_____
                                                    DAVID T. SCHULTZ
                                                    United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).