# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Luis Carlos Favela,<br><br>Defendant. | Case No. 19-cr-209 (SRN/DTS)<br><br><br>**ORDER** |

Andrew R. Winter, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

Kevin W. DeVore, DeVore Law Firm, P.A., 724 Bielenberg Drive, Suite 110, Woodbury, MN 55125, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Luis Carlos Favela's timely Objection ("Objection to R&R") [Doc. No. 83] to the December 4, 2019 Report and Recommendation ("R&R") [Doc. No. 81] filed by Magistrate Judge David Schultz. The R&R addressed Mr. Favela's pretrial motion to suppress evidence[1] [Doc. No. 49] obtained from a search of a garage and the vehicle within that garage. The magistrate judge held an evidentiary hearing on this motion on November 5, 2019. (*See* Minute Entry [Doc. No. 76].) Magistrate Judge Schultz

---

[1] This motion was initially filed as a motion to dismiss the indictment. However, at the evidentiary hearing, Mr. Favela's counsel indicated that Mr. Favela wished to move to suppress the evidence obtained from the search warrant at issue here, rather than seek to dismiss the indictment. (R&R at 1 [Doc. No. 81].) The Court then construed Mr. Favela's motion to dismiss as a motion to suppress as a matter of administrative convenience. (*Id*.)

recommended denying Defendant's motion to suppress on two alternative grounds: (1) Mr.

Favela lacks standing to challenge the searches, and (2) the search warrant was supported by

ample probable cause. (*See* R&R [Doc. No. 81] at 3.) Mr. Favela filed a one-page objection,

challenging only the conclusion that the search warrant was supported by probable cause.

[Doc. No. 83.] Beyond objecting to this ultimate legal conclusion, Mr. Favela does not make

any specific objections to the R&R and relies on his initial motion and his arguments at the

evidentiary hearing. (*Id.*) For the reasons set forth below, Mr. Favela's Objection is

overruled, and the R&R is affirmed and adopted in full.

## I. BACKGROUND

Defendant is charged by way of indictment with one count of conspiracy to

distribute methamphetamine in violation of Title 21, United States Code, Sections 841

(a)(1), 841(b)(1)(A) and 846. The factual background of this case is set forth in the R&R,

which the Court incorporates herein by reference. Stated briefly, Ramsey County police

officers used information from three confidential sources[2] to apply for a search warrant to

search a garage located in St. Anthony, Minnesota, as well as the vehicle within that garage.

(R&R at 2 [Doc. No. 81].) The three separate confidential sources linked the garage to a

methamphetamine trafficking operation. (*Id.*) Two of the sources gave July 19, 2019, as

the date of drug delivery, and one provided the model of vehicle—a Range Rover—the

drugs would arrive in. (*Id.*) One of the confidential sources also informed law enforcement

---

[2] As cited to in the R&R, two of the confidential sources had provided reliable
information to law enforcement in the past, which the Court finds highly relevant. (R&R
at 2 [Doc. No. 81].)

that the garage belonged to Joseph Bernhardt. (*Id*.) Law enforcement independently verified that the garage in question belonged to Mr. Bernhardt. (*Id*.) Officers "surveilled the garage on July 19, and saw a tow truck drive a light brown, older model Range Rover with no plates into Mr. Bernhardt's garage." (*Id*.) (internal citation omitted).)

Based on this information, a Hennepin County District Court judge authorized the search. (*Id*. at 3.) Law enforcement officers searched the garage and vehicle the same day. (*Id*.)

## II. DISCUSSION

Where a party objects to an R&R, the Court undertakes an independent, *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2012); *see also* D. Minn. L.R. 72.2(b)(3).

Mr. Favela's general objection to the R&R directs the Court to consider the grounds set forth in his initial motion [Doc. No. 49] and at the hearing [Doc. No. 76], and appears to assert that these arguments demonstrate why the magistrate judge erred. (*See* Objection to R&R [Doc. No 83] at 1.) Mr. Favela further states—without citing any supporting authority—that the search warrant lacks probable cause "because it lacks specificity in factual detail." (*Id*.) But this conclusory objection appears to overlook the information provided in the warrant application and supporting affidavit. None of the cited factual

details above that "provide [] probable cause," (R&R at 5 [Doc. No. 81]), are addressed by

Mr. Favela's one-page objection.[3]

The Court has undertaken an independent, *de novo* review of the record, the

applicable law, and the magistrate judge's application of the law to the facts of this case.

The Court finds no error and agrees with the magistrate judge's conclusions. Accordingly,

the Court overrules Mr. Favela's objection, and affirms and adopts the magistrate judge's

report and recommendation in full.

### III.    CONCLUSION

Based on the submission and the entire file and proceedings herein, **IT IS HEREBY**

**ORDERED THAT**:

1.  Defendant's Objection [Doc. No. 83] to the December 4, 2019 Report and

    Recommendation [Doc. No. 81] is **OVERRULED**;

2.  The December 4, 2019 Report and Recommendation [Doc. No. 81] is **AFFIRMED**

    and **ADOPTED**, and Defendant Luis Carlos Favela's Motion to Suppress Evidence

    [Doc. No. 49] is **DENIED**.

Dated: January 2, 2020                                    s/Susan Richard Nelson
                                                          SUSAN RICHARD NELSON
                                                          United States District Judge

---

[3] Additionally, Mr. Favela does not address the R&R's threshold holding that Mr. Favela
failed to demonstrate standing to even challenge the search warrant.  (*Id*. at 3-4.)